```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANTHONY CURKO and OSCAR ZARATE,                             :
                                                            :
                            Plaintiffs,                     :
                                                            :             21-CV-5977 (VSB)
                -against-                                   :
                                                            :             OPINION & ORDER
                                                            :
EMBE RESTAURANT CORP. d/b/a OSTERIA                         :
57 and EMANUELE NIGRO,                                      :
                                                            :
                            Defendants.                     :
------------------------------------------------------------X
```

Julia Klein
Klein Law Group of NY PLLC
New York, New York
*Counsel for Plaintiffs*

Stephen D. Hans
Stephen D. Hans & Associates, P.C.
Long Island City, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

On or about March 17, 2022, the parties reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (*See* Doc. 14.) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the settlement agreement is fair and reasonable, the parties' motion to approve it is GRANTED.

1

**I.      Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Procedural History

Plaintiffs Anthony Curko ("Curko") and Oscar Zarate ("Zarate," and together with Curko, "Plaintiffs") commenced this action on July 12, 2021. (Doc. 1.) Defendants' counsel appeared on September 30, 2021, (Doc. 5), and this case was referred to mediation on October 1, 2021, (Doc. 8.) After the mediator reported that settlement had been reached on all issues, on February 11, 2022, I issued an order directing the parties to submit their settlement for approval. (Doc. 11.) On March 18, 2022, the parties submitted a letter motion seeking approval of their settlement agreement and attaching supporting documents. (Doc. 14 ("Settlement Ltr.").)

## III. Discussion

I have reviewed the settlement agreement, the supporting letter motion, and Plaintiffs' counsel's time records to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I find that they are.

### A. *Settlement Amount*

I first consider the settlement amount. The settlement agreement provides for the distribution to Plaintiffs of $55,000, inclusive of attorneys' fees and expenses. (Settlement ¶ 2.)[1] Plaintiffs have calculated Curko's total potential damages at $85,400, and Zarate's total potential damages at $49,042. (Settlement Ltr. 2–3; Docs. 14-2 & 14-3.) Plaintiffs calculate that, if Defendants prevailed on all of the defenses they have raised, Curko could receive $0 and Zarate could receive $6,246. (Settlement Ltr. 2–3.) Plaintiffs' possible damages vary largely based on the testimony that a factfinder would ultimately decide to credit. (*See id.*)

Under these circumstances, I find the settlement amount to be fair and reasonable. The $55,000 amount reflects roughly 41% of the total possible damages Plaintiffs calculated, which falls within the realm of reasonableness given the arguments Defendants likely would have raised to

---

[1] "Settlement" refers to the Settlement Agreement and Release filed with the Court for approval. (Doc. 14-1.)

avoid liability had the parties proceeded with litigation. Moreover, I find no basis to think that the settlement agreement was the result of fraud or collusion. Both parties were represented by counsel who negotiated at arm's length.

Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances, I find that the settlement amount is fair and reasonable.

### B.    *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery." *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

Of the $55,000 total settlement amount, the settlement here awards Plaintiffs' counsel $18,315 in fees and $852 in costs. (Settlement Ltr. 4.) Plaintiffs' counsel would thus be paid about one-third of the total settlement proceeds. The lodestar amount here would be $17,389.50, (*id.* at 5), which means the lodestar multiplier would be only about 1.053. Thus, under either the lodestar method or the percentage of the fund approach, the amount of fees requested is fair and reasonable.

### IV.    Conclusion

For the foregoing reasons, having reviewed the parties' proposed settlement agreement in its entirety, I find that the settlement agreement is fair and reasonable. Accordingly, the motion to approve the settlement agreement of the parties is hereby GRANTED.

4

SO ORDERED.

Dated: May 27, 2022
       New York, New York

Vernon S. Broderick
United States District Judge